# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TRINIDAD CHAVIRA,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:17-CV-002281 |
| ) | |
| **PACKERS SANITATION SERVICES,** ) | |
| **INC., LTD.** ) | |
| ) | |
| ) | |
|     **Defendant.** ) | |

**DEFENDANT PACKERS SANITATION SERVICES, INC.'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Packers Sanitation Services, Inc., (hereafter "PSSI") hereby answers or otherwise responds to *Plaintiff's First Request for Production of Documents* as follows:

**PRELIMINARY STATEMENT**

A. These responses are made solely for the purpose of this civil action. PSSI reserves all objections as to competency, relevance, materiality, and admissibility as well as any and all other objections on any grounds that would require the exclusion of any statement contained herein or any portion thereof at trial, all of which objections may be interposed at the time of any hearing or trial in this litigation.

B. These responses are based on information presently available to and located by PSSI and its attorneys and no incidental or implied admissions are intended hereby. The fact that PSSI responds or objects to any Request for Production, or part thereof, is not intended to, and shall not, be construed as an admission that PSSI accepts or admits the existence of any facts set forth in or assumed by any Request, or that such response or objection constitutes admissible

1

evidence. The fact that PSSI responds to all, or part of any Request for Production is not intended and shall not be construed as a waiver by PSSI of all, or any part of any objection to any Request for Production made therein.

      C.      PSSI has not completed its investigation of the allegations made by Plaintiff in this litigation, has not completed its discovery, and may discover additional facts and/or information responsive to these Requests in the future. These responses are based on PSSI diligent search of those records it has located and that it reasonably believes would contain the information sought. Therefore, PSSI specifically reserves the right to amend and/or supplement these responses at any time. Moreover, present and former officers, directors or employees of PSSI may have information relevant to the subject matter of the following responses, but PSSI does not purport in these responses to provide that information from any such person.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents identified by you in your response to Plaintiff's First Set of Interrogatories.

**RESPONSE: PSSI objects to Request No. 1 to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. In further response, PSSI states that it has or will produce non-privileged documents which were identified in its Answers to Plaintiff's First Set of Interrogatories.**

### REQUEST FOR PRODUCTION NO. 2:

Each personnel file, human resource file, or investigative file Defendant maintained on Plaintiff. This request includes files regarding Plaintiff that were created or maintained by individual supervisors, employees, or managers.

**RESPONSE**: **PSSI produces Plaintiff's personnel file (PSSI 0001– PSSI 0022 and non-privileged documents relating to Plaintiff's hotline complaints (PSSI 0289 PSSI 0313).**

**REQUEST FOR PRODUCTION NO. 3**:

Each document (in its native format with metadata attached) containing a description of Plaintiff's job and/or duties during Plaintiff's period of employment with Defendant. This request includes but is not limited to, job description forms and any documents mentioning any changes implemented in Plaintiff's job duties or responsibilities during Plaintiff's employment.

**RESPONSE: PSSI objects to Request No. 3 as overly broad and unduly burdensome to the extent it seeks the production of each and every document containing a description of Plaintiff's job/and or duties in "native format with metadata attached." Such a request would require hundreds of man-hours by PSSI to conduct a search of its server and scores of individual computers for all electronic versions of each and every document, despite that such documents are available and are being produced in hard copy form, when there has been no showing of any need for such documents in "native format with metadata attached." In further response, PSSI produces Plaintiff's job description as PSSI 0023-0026.**

**REQUEST FOR PRODUCTION NO. 4:**

Each document (in its native format with metadata attached) mentioning Plaintiff's job performance. This would include documents that are either critical or complimentary of Plaintiff's job performance.

**RESPONSE: PSSI objects to Request No. 4 as overly broad and unduly burdensome to the extent it seeks the production of each and every document containing a description of Plaintiff's job performance in "native format with metadata attached." Such a request would require hundreds of man-hours by PSSI to conduct a search of its server and scores of individual computers for all electronic versions of each and every document, despite that such documents are available and are being produced in hard copy form, when there has been no showing of any need for such documents in "native format with metadata attached." In further response, PSSI states that it produces the following documents: Plaintiff's personnel file (PSSI 0001–PSSI 0022); the file material obtained from the EEOC (PSSI 0027–PSSI 0288) and non-privileged documents relating to Plaintiff's hotline complaints (PSSI 0289–PSSI 0313).**

**REQUEST FOR PRODUCTION NO. 5:**

Each document discussing any wage and hour violation at the National Beef Plant in Liberal from January 1, 2013 to present.

3

**RESPONSE:** PSSI objects to Request No. 5 as vague and ambiguous to the extent the phrase "wage and hour violation" is undefined and could be interpreted, for example, to include alleged wage and hour violations that were not substantiated, and would have no relation at all to the issues raised in the First Amended Complaint. PSSI further objects to this Request as overly broad, unduly burdensome, not reasonably limited in scope, seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and seeks documents that are neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks all documents concerning wage and hour violations at the National Beef Plant that pertain to non-PSSI employees, or documents relating to wage and hour violations that have no bearing on any material issue raised in the First Amended Complaint. In further response, PSSI states that on August 21, 2015 the USDOL notified PSSI that it was conducting an investigation into wage and hour issues at the Liberal plant. After 21 months of investigation, the USDOL notified PSSI that it was unable to find any violations and closed its file. As such, PSSI has no responsive documents as there have not been any wage and hour violations at the Liberal plant.

**REQUEST FOR PRODUCTION NO. 6:**

Each document discussing any complaint of any employee regarding supervisors and/or managers at the National Beef Plant in Liberal requesting money and/or sexual favors in exchange for better positions with the plant from January 1, 2013 to present.

**RESPONSE:** PSSI objects to Request No. 6 as overly broad, unduly burdensome, not reasonably limited in scope, seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and seeks documents that are neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence. The Request seeks "each document" that is in any way related to any allegation of requesting money and/or sexual favors in exchange for better positions over a 5-year period, regardless of whether it involved any of the same decision makers as are involved here. Moreover, information regarding complaints by employees who worked for different supervisors than Plaintiff or worked in different departments than Plaintiff is not discoverable. In further response, PSSI incorporates by reference its objections and Answer to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 7:**

Each document provided to any law enforcement agency regarding any complaint Plaintiff made concerning harassment by PSSI Supervisors and/or Managers at the National Beef Plant in Liberal.

**RESPONSE: None.**

### REQUEST FOR PRODUCTION NO. 8:

Each document (in its native format with metadata attached) evidencing discipline, warnings, write-ups, performance improvement plans issued or recommended concerning Plaintiff.

**RESPONSE: PSSI objects to Request No. 8 as overly broad and unduly burdensome to the extent it seeks the production of each and every document evidencing discipline, warnings, write-ups, or performance improvement plans in "native format with metadata attached." Such a request would require hundreds of man-hours by PSSI to conduct a search of its server and scores of individual computers for all electronic versions of each and every document, despite that such documents are available and are being produced in hard copy form, when there has been no showing of any need for such documents in "native format with metadata attached." In further response, PSSI states that it produces Plaintiff's personnel file as PSSI 0001–PSSI 0022.**

### REQUEST FOR PRODUCTION NO. 9:

Each document of any kind, including records, notes, memoranda, notes of oral communication, video recordings, audio recordings or any other form of media, which relate to Plaintiff but is not included in Plaintiff's personnel files, human resource files, or any files maintained by individual managers or supervisors.

**RESPONSE: PSSI objects to Request No. 9 because it is overly broad, unduly burdensome, vague and ambiguous, not reasonably limited in its scope, and seeks information that is neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence. PSSI objects further to Request No. 9 because it seeks information protected by the attorney-client privilege and/or work product doctrine. In further response, PSSI produces the following documents: the file material obtained from the EEOC (PSSI 0027–PSSI 0288); Plaintiff's workers' compensation file obtained from Bretz & Young (PSSI 0318–PSSI 0496); Plaintiff's workers' compensation file maintained by PSSI (PSSI 0497– PSSI 0685); statements by Lucy Fonseca-Gonazalez and Ryan Palacio unrelated to Plaintiff's claims (PSSI 0686–PSSI 0687); non-privileged documents relating to Plaintiff's hotline complaints which were made after her termination from employment with PSSI (PSSI 0289–PSSI 0313); payroll documents regarding Plaintiff (PSSI 0688– PSSI 0696); documents reflecting Plaintiff's time records (PSSI 0697–PSSI 0711); materials received from the Liberal, Kansas Police Department regarding Plaintiff (PSSI 0712-PSSI 0734, PSSI 0743- PSSI 0745); and documents received from Liberal, Kansas Municipal Court regarding Plaintiff (PSSI 0735-PSSI 0742).**

**REQUEST FOR PRODUCTION NO. 10**:

Each email, memorandum, letter, or other document (in their native formats with all metadata attached) containing any allegations that Plaintiff violated any of Defendant's policies or procedures.

**RESPONSE: PSSI incorporates its objections and Responses to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 11:**

For each document in your possession reflecting any statements taken or received by Defendant that mentions Plaintiff and/or the allegations made in this lawsuit.

**RESPONSE**: **PSSI objects to Request No. 11 to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. PSSI further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks all documents concerning any fact alleged in Plaintiff's First Amended Complaint, which consists of 113 individually numbered paragraphs. By way of example, in order to fully respond, PSSI would be required to identify every document concerning the fact that "PSSI is an Ohio corporation that provides sanitation services to processing plants in the food industry," as set forth in paragraph 3 of the First Amended Complaint. Not only would the scope of responsive documents be virtually endless, but the information would not lead to the discovery of admissible evidence regarding any material fact in dispute in the case. In further response, PSSI produces all non-privileged documents relating to Plaintiff's hotline complaints which were made after her termination from employment with PSSI (PSSI 0289–PSSI 0313); and materials received from the Liberal Police Department (PSSI 0712-PSSI 0722). In further response to Request No. 11, PSSI incorporates its Response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 12:**

Each document, including, but not limited to, emails, text messages, electronically stored information ("ESI") (in their native format containing all metadata) or reports that were drafted, written, typed, created by or received by any current or former employee, manager or supervisor of Defendant that mentions Plaintiff or her allegations of race and sex discrimination and harassment, wage and hour violations, PSSI supervisors and/or managers requesting money and/or sexual favors in exchange for better positions within the National Beef Plant and/or retaliation.

6

This includes communications, emails and/or documents received, reviewed or drafted by human resource employees.

**RESPONSE**: **PSSI objects to Request No. 12 as overly broad and unduly burdensome to the extent it seeks the production of each and every document that mentions Plaintiff or her allegations of race and sex discrimination and harassment, wage and hour violations, PSSI supervisors requesting money and/or sexual favors for better positions within the National Beef Plant and/or retaliation in "native format with metadata attached." Such a request would require hundreds of man-hours by PSSI to conduct a search of its server and scores of individual computers for all electronic versions of each and every document, despite that such documents are available and are being produced in hard copy form, when there has been no showing of any need for such documents in "native format with metadata attached." PSSI further objects to Request No. 12 because it is not reasonably limited in scope as it has no time period provided in the request. In further response, PSSI states that Plaintiff never asserted a claim of sexual harassment, race or sex discrimination, wage and hour violations, or being asked to provide sexual favors in exchange for better positions within National Beef during her employment with PSSI.  Plaintiff's assertion of harassment, discrimination, wage and hour violations, or being asked to provide sexual favors in exchange for better positions within National Beef occurred after Plaintiff's employment ended when she filed her Charge and lawsuit. Investigations conducted after Plaintiff's Charge and lawsuit are protected by the attorney-client privilege and/or attorney work product doctrine. In further response, PSSI incorporates by reference Response to Request No. 6 and the documents produced therein.**

### REQUEST FOR PRODUCTION NO. 13:

For the time period of January 1, 2016 to the present, produce any ESI (in native format with all metadata and attachments included) that was received, sent or created by Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz that mentions Plaintiff and contains any of the following terms: ass, sex, sexual, harassment, harasser, date, puta, whore, crazy ladies, discipline, discharge, terminate, money, papers, immigration, green card, ICE, police and arrest.

**RESPONSE: PSSI objects to Request No. 13 to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.  PSSI further objects to Plaintiff's request for ESI "in native format with all metadata and attachments included," as producing documents in this format is neither relevant to any claim or defense asserted in this case and is not proportional to the needs of the case.  PSSI further objects to Plaintiff's request for ESI related to "immigration," "green card," "ICE," "police" and "arrest" as these terms are not relevant to the allegations asserted in Plaintiff's First Amended Complaint, and documents related to these search terms are not likely to prove or disprove any issue in this case. Likewise, overly broad terms such as "sex," "date," "discipline,"**

7

**"terminate," "money," and "papers" will likely encompass thousands of documents which are not likely to prove or disprove any issue in this case. In further response, PSSI states that it ran the following search terms through the email accounts of Esparza, Martinez, Ramirez and Saenz: ass, sexual harassment, harasser, puta, whore, and crazy ladies, and produces all non-privileged emails that contain these search terms (PSSI 0748-PSSI 1261).**

**REQUEST FOR PRODUCTION NO. 14**:

Defendant's employee handbook in effect during Plaintiff's period of employment with Defendant.

**RESPONSE: Produced as PSSI 1262-PSSI 1393.**

**REQUEST FOR PRODUCTION NO. 15:**

Each document containing your policies, manuals, guidelines or procedures in existence at the time of Plaintiff's employment regarding reporting discrimination, harassment and/or retaliation or other claims.

**RESPONSE**: **Produced as PSSI 1262-PSSI 1393.**

**REQUEST FOR PRODUCTION NO. 16:**

Produce each personnel file, human resource file, or investigative file Defendant maintained on Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz. This request includes files regarding that were created or maintained on Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz by individual managers.

**RESPONSE: PSSI objects to Request No. 16 on the basis that it is overly broad, unduly burdensome, violates privacy interests, and seeks information that is neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence. The production of these records would not tend to prove or disprove any issue in this case and would also violate that employee's privacy interest. In further response to Request No. 16, PSSI agrees to produce documents from Esparza, Martinez, Ramirez, and Saenz's personnel files that reflect disciplinary action taken against them for discriminatory, harassing, and retaliatory conduct and state that no such documents exist.**

8

**REQUEST FOR PRODUCTION NO. 17**:

Produce all land line phone records for the time period of January 1, 2016 to the present for the telephone used by Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz.

**RESPONSE: PSSI objects to Request No. 17 on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 18:**

Produce each warning, disciplinary document, write-up, suspension, action plans or other discipline issued Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz.

**RESPONSE: PSSI incorporates its objections and Response to Request No. 16.**

**REQUEST FOR PRODUCTION NO. 19:**

Produce each document evidencing any policies and procedures, rules and regulations followed by Defendant regarding the creation and maintenance of employee personnel files, including where such files are stored and who may have access to those files.

**RESPONSE: PSSI objects to Request No. 19 on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any matter raised in the First Amended Complaint nor is reasonably calculated to lead to the discovery of admissible evidence. In further response, no policy relating to the creation and maintenance of employee personnel files exists.**

**REQUEST FOR PRODUCTION NO. 20:**

Produce each document evidencing any policies and procedures, rules and regulations followed by Defendant regarding compliance with wage and hour laws, including proper timekeeping procedures.

**RESPONSE: PSSI states that it maintains policies and procedures relating to wage and hour laws and proper timekeeping procedures in its Employee Handbook, which PSSI produced as PSSI 1262-PSSI 1393.**

**REQUEST FOR PRODUCTION NO. 21:**

Each document in your possession from any charge, complaint, investigation or civil action alleging race and/or sex discrimination, harassment, and retaliation filed against you with any state agency or court in the past five (5) years by any prior or current employee, staff member, administrator, manager or supervisor who worked at the National Beef Plant in Liberal.

**RESPONSE: PSSI incorporates its objections and response to Interrogatory No. 24. In further response, PSSI produces the Charges of Discrimination filed by Elizabeth Valdovinos (PSSI 0316-PSSI 0317) and Kathy Serrano (PSSI 0314-PSSI 0315).**

**REQUEST FOR PRODUCTION NO. 22:**

Produce each listing, employee directory, or roster of employees for the years 2015, 2016 and 2017 for National Beef Plant in Liberal and provide the contact information for those individuals.

**RESPONSE: PSSI objects to Request No. 22 on the basis that it is overly broad, unduly burdensome, violates privacy interests, and seeks information that is neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff only worked for PSSI for six weeks in 2016. Information related to employees who worked at PSSI before or after Plaintiff would not tend to prove or disprove any issue in this case and would also violate that employee's privacy interest. In further response, PSSI states that it will produce a list of the names of the employees who worked at PSSI during the time Plaintiff worked at PSSI.**

**REQUEST FOR PRODUCTION NO. 23:**

Each document that supports any of the affirmative or other defenses contained in your Answer.

**RESPONSE: PSSI further objects to Interrogatory No. 23 as overly broad, unduly burdensome, not reasonably limited in scope, seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and seeks documents that are neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence. In further response, PSSI states that it has or will produce all non-privileged responsive documents.**

**REQUEST FOR PRODUCTION NO. 24**:

Each insurance policy and agreements which may indemnify Defendant against any judgment which Plaintiffs may obtain in the instant case.

**RESPONSE: PSSI produces the declaration pages for its EPLI policy with Chubb Insurance as PSSI 1399-PSSI 1402.**

**REQUEST FOR PRODUCTION NO. 25:**

Each document establishing Defendant's net worth.

**RESPONSE: PSSI objects to Request No. 22 on the basis that it is overly broad, unduly burdensome, violates privacy interests, not limited in scope, and seeks information that is neither relevant to any matter raised in the First Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence.**

Respectfully submitted,

/s/ Samantha J. Monsees_____

| | |
|---|---|
| James R. Holland, II | KS. Bar #17796 |
| Lauren M. Sobaski | KS. Bar #27585 |
| Samantha J. Monsees | KS Bar #25936 |

FISHER & PHILLIPS LLP
4900 Main Street, Suite 650
Kansas City, MO 64112
TEL:  (816) 842-8770
FAX:  (816) 842-8767
Email:  jholland@fisherphillips.com
            lsobaski@fisherphillips.com
            smonsees@fisherphillips.com

ATTORNEYS FOR DEFENDANT

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of June, 2018, a true copy of the foregoing was sent via email to:

Michael A. Williams
WILLIAMS DIRKS DAMERON LLC
1100 Main Street
Suite 2600
Kansas City, Missouri 64105
mwilliams@williamsdirks.com

ATTORNEYS FOR PLAINTIFF

                                                /s/ Samantha J. Monsees_____
                                                Attorney for Defendant