# EXHIBIT B



June 18, 2018

James R. Holland, II
Samantha J. Monsees
Fisher & Phillips LLP
4900 Main St., Suite 650
Kansas City, MO 64112

    RE:  **Chavira v. PSSI**

Dear Counsel,

    We are in receipt of Defendant's objections and responses to Plaintiff's opening discovery. We believe that many of the objections are improper. This correspondence serves as Plaintiff's "Golden Rule" letter in an attempt to resolve this dispute informally as contemplated by Local Rule 37.2.

    **I.**    **Privilege Log Deficits**

    We have reviewed Defendant's purported privilege log. District of Kansas precedent requires that privilege logs contain the following:

> (1) A description of the document explaining whether the document is a memorandum, letter, e-mail etc.; (2) The date upon which the document was prepared; (3) The date of the document (if different from #2); (4) the identity of the person(s) who prepared the document; (5) the identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney; (6) The purpose of preparing the document, including an evidentiary showing, based on competent evidence, supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent; a similar evidentiary showing that the subject of the communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, that the documents do not contain or incorporate non-privileged underlying facts; (7) the number of pages of the document; (8) The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and (9) Any other pertinent information necessary to establish the elements of each asserted privilege.

Kannady v. Ball, 292 F.R.D. 640, 645 (D.Kan. 2013). A failure to include all of the information listed above can result in a privilege waiver. See id. Defendant's privilege log is

defective because it does not comply with the above requirements.  Please provide Plaintiff with a revised privilege log so that Plaintiff may evaluate the purported privilege claims.

### II.     Privilege Claim Deficits

Defendant asserts numerous privilege claims in the discovery responses.  Defendant has the burden of establishing that the work product or attorney-client privilege applies.  See McCoo v. Denny's Inc., 192 F.R.D. 675, 679 (D.Kan. 2000).

In order for a document to be protected work product, it must be prepared in anticipation of litigation and must be prepared by that party or the party's representative.  See id.  There must be a real and imminent threat of litigation. Id.  "Even if a party anticipates litigation, this does not make all documents thereafter generated automatically protected."  Black & Veatch Corp. v. Aspens Ins. Ltd., 297 F.R.D. 611, 617 (D.Kan. 2014).

Regarding the attorney-client privilege, "not every communication between an attorney and a client is privileged, only confidential communications which involve the requesting or giving of legal advice."  Williams v. Sprint/United Mgmt. Co., 245 F.R.D. 660, 666 (D.Kan. 2007).  In order for the communication to be protected, "legal advice must predominate" the communication.  Id.

Defendant has failed to meet its burden that the work product and/or attorney-client privileges applies throughout the discovery responses. There are global problems with Defendant's alleged privilege claims.

### III.    Format for Production

A party can specify the format for production.  See Fed. R. Civ. P. 34(b)(1)(C).  Here, Plaintiff requested native format with metadata attached.  Defendant produced the ESI as PDF files. Defendant erroneously suggests that Plaintiff must show a need for the requested format.  Plaintiff does not carry the burden to demonstrate the need or relevance of the metadata.  Defendant carries the burden to show why the metadata should not be produced.  See Williams, 230 F.R.D. at 647.

### IV.     Requests in Dispute

**Request Nos. 4, 8 and 10**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the other party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevancy is "broadly construed" and a request is relevant if there is "any possibility" that the information might be relevant to a claim or defense of a party.  See Manning v. General Motors, 247 F.R.D. 646, 651 (D. Kan. 2007).  In sum, a "request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party."  Id.

Request Nos. 4, 8 and 10 seek documents that mention Plaintiff's job performance (positive or negative). Defendant states that Plaintiff was terminated for bad conduct i.e., negative performance. Any document that discusses Plaintiff's job performance (positive or negative) is relevant on the issue of whether Defendant's stated reason for Plaintiff's termination is pretextual for unlawful discrimination.

**Request No. 5**

"A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in [discovery requests]." Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D.Kan. 2004). As the objecting party, Defendant has the burden to prove that Request No. 5 is vague and ambiguous. See id. Plaintiff believes that Defendant's objection in this regard is disingenuous. Plaintiff seeks documents discussing violations (substantiated or unsubstantiated) of the Fair Labor Standards Act regarding the way Defendant paid PSSI employees who worked at the National Beef Plant in Liberal, Kansas.

**Request Nos. 6 and 21**

This District allows discovery about other complaints concerning the same type of discrimination that occurred at the same facility where Plaintiff worked. See Moss v. Blue Cross Blue Shield of Kansas City, Inc, 241 F.R.D. 683, 692 (D.Kan. 2007). See also McCoo, 192 F.R.D at 698. Moreover, going back five years is a reasonable temporal limitation. See id. Contrary to Defendant's assertion, there is no requirement that the prior complaint involve the same harasser.

**Request No. 9**

Defense counsel has a duty to identify the key players in the litigation and question them about whether they have responsive documents within their control. Please confirm whether defense counsel sought documents from Mr. Saenz or Mr. Esparza. The files produced in response to Request No. 9 do not appear to have originated from an individual supervisor or manager.

**Request No. 11**

Request No. 11 does not seek any document that mentions any allegation in Plaintiff's Complaint. This Request is limited to statements that either mention Plaintiff or the allegations raised in Plaintiff's Complaint.

**Request No. 12**

Defendant's allegations that Plaintiff never complained about sex discrimination or extortion while employed by Defendant is erroneous. Early in Plaintiff's employment, she complained to Mr. Saenz and Mr. Ramirez, both managers, that Mr. Esparza had demanded

money from her in exchange for a favorable position within the plant. In fact, Mr. Saenz told Plaintiff that he was aware of this illegal practice. Plaintiff also complained to Vanessa Martinez, a supervisor, that requesting sexual favors in exchange for better positions within the plant was a "big offense." Plaintiff also complained to Mr. Ramirez, Mr. Saenz and Mr. Esparza about the pay practices which amounted to a violation of the FLSA.

Please confirm whether defense counsel sought documents from Mr. Saenz, Ms. Martinez any human resources employee or other supervisor or manager.

### Request No. 13

As a preliminary matter, Plaintiff reminds Defendant that the search terms are used in conjunction with Plaintiff's name. As such, this limits the number of responsive hits. Please run the searches using Plaintiff's name with the words "sex," "date," "discipline," and "money," "terminate," and "papers."

Defendant states that it ran some of Plaintiff's searches, but it did not search for ESI using the terms "ICE," "immigration," "green card," "police," and "arrest" because those terms are not relevant to the allegations in Plaintiff's Complaint. Plaintiff disagrees. Plaintiff's Complaint alleges that Defendant treated Hispanics as second-class citizens. In fact, Defendant threatened Plaintiff's counsel's other clients with reporting them to immigration if they did not accept the settlements that were offered at the mediation. Thus, whether or not Defendant discussed Plaintiff's immigration status or reporting her to law enforcement is relevant to the allegations contained in Plaintiff's Complaint i.e., that Defendant treated Hispanics as second-class citizens.

### Request Nos. 16 and 18

The personnel files of the employee's harassers are discoverable. See Fox-Martin v. H.J. Heinz Operations, 2003 WL 23139105, at *3 (D.Kan. Dec. 19, 2003). Likewise, the personnel files of those who played a key role in decisions affecting the plaintiff are discoverable. See id.; EEOC v. Kan. City. S. Ry., 2000 WL 33675756, at *3 (D.Kan. Oct. 2, 2000). As previously discussed in Plaintiff's response to Request No. 12, the personnel files of the four employees are discoverable.

### Request No. 17

Plaintiff believes that the telephone records of Mr. Esparza, Ms. Martinez, Mr. Ramirez and Mr. Saenz are relevant. Regarding Ms. Martinez, the telephone records may show that Mr. Esparza and Ms. Martinez communicated prior to or after the incident in which Ms. Martinez cornered Plaintiff in the restroom and told her that she knew what she needed to do to get a better position within the plant. Regarding Mr. Esparza, the telephone records may show that he communicated with others who harassed Plaintiff. The telephone records of Mr. Ramirez and

Mr. Saenz are relevant because they will show whether these managers communicated with anyone else at PSSI after they received Plaintiff's complaints of discrimination and extortion.

**Request No. 22**

Plaintiff believes that the roster of employees for years 2015-2017 is reasonable given the fact that many PSSI employees work under fake names and social security numbers. Plaintiff has hired a private investigator to search for witnesses in the case and the information is necessary to assist the private investigator in his search for these witnesses. Moreover, Plaintiff has alleged a pattern and practice of discriminatory conduct at PSSI that began as early as 2011 and may have continued into 2018 given the fact that Defendant reinstated Mr. Esparza.

**IV.    Interrogatories in Dispute**

**Interrogatory No. 24**

As previously stated, Plaintiff is entitled to information about other complaints of discrimination or harassment at the same facility where Plaintiff worked. As we represented two other plaintiffs, we know of the other complaints and they must be produced immediately.

Please contact me by Friday, June 22, 2018, so that we can resolve this dispute informally. As you are aware, there is a short deadline for filing a motion to compel discovery in this District and you have objected to an extension. As such, we intend to file any discovery motions next week. Thank you.

Sincerely,

Michael A. Williams
mwilliams@williamsdirks.com