# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TRINIDAD CHAVIRA,                          )
                                           )
                        Plaintiff,         )
                                           )     Case No.: 17-2281-HLT-KGG
PACKERS SANITATION SERV.                   )
INC., LTD.,                                )
                                           )
                        Defendant.         )
_____    )

## MEMORANDUM & ORDER ON MOTION TO COMPEL
## AND MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff's Motion to Compel (Doc. 42) and

Defendant's Motion for Protective Order (Doc. 54). Having reviewed the

submissions of the parties, Plaintiff's motion (Doc. 42) is **GRANTED in** part and

**DENIED in part** and Defendant's motion (Doc. 54) is **GRANTED in** part and

**DENIED in part**.

## FACTS

Plaintiff, who is Hispanic and a U.S. citizen, is a former employee of

Defendant Packers Sanitation Services, Inc. ("PSSI" or Defendant). Defendant

provides sanitation services to other companies, including the National Beef Plant

("Plant") in Liberal, Kansas. Plaintiff alleges gender and racial discrimination,

harassment, and retaliation as well as common law retaliatory discharge and violations of state and federal wage laws.

Plaintiff contends that during her employment with Defendant, she refused demands from her supervisor that she pay him for a more favorable position at the Plant. Plaintiff contends that as a result of her refusal, she was moved "to a more physically demanding position which resulted in her injuring her neck." (Doc. 43, at 1-2.) She contends that she complained about this "extortion attempt," but while no action was taken against her supervisor, Plaintiff was "moved to a more physically demanding position . . . which exacerbated her work injury." (*Id*., at 2.) Plaintiff also alleges that she suffered retaliation for rebuffing her supervisor's "indirect request for sexual favors." (*Id*.) Defendant generally denies Plaintiff's allegations.

Currently before the Court is Plaintiff's motion to compel regarding Defendant's responses to Plaintiff's Requests for Production Nos. 6, 16, 21, and 22. (Doc. 42.) Also pending is the motion for protective order (Doc. 54) filed by Defendant relating to Plaintiff's "Notice Duces Tecum to Take Deposition of Designated Agent of Defendant Packers Sanitation Services, Inc." (Doc. 39), which identifies 26 categories of potential deposition testimony and corresponding documents to be produced.

## ANALYSIS

## I.    Legal Standards.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and
proportional to the needs of the case to be discoverable.  "Federal Rule of Civil
Procedure 26(c) confers broad discretion on the trial court to decide when a
protective order is appropriate and what degree of protection is required."  *Layne
Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting
*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## II.    Plaintiff's Motion to Compel (Doc. 42).

Plaintiff moves the Court for an order compelling Defendant to provide
further responses to Requests for Production 6, 16, 21, and 22.  (*See generally* Doc.
43.)  The Court will address the document requests in turn.

### A.    Requests Nos. 6 and 21.

Request No. 6 seeks documents regarding "any complaint of any employee regarding supervisors and/or managers at the National Beef Plant in Liberal requesting money and/or sexual favors in exchange for better positions with the plant from January 1, 2013 to present."  (Doc. 43-1, at 5.)  Defendant responded by objecting that the request is "overly broad, unduly burdensome, not reasonably limited in scope," and seeks documents that are privileged and/or irrelevant.[1]  (*Id*.)  Defendant also complains that the request seeks information involving different decision makers, supervisors, and/or departments.  (*Id*.)

Request No. 21 asks for documents regarding "any charge, complaint, investigation or civil action alleging race and/or sex discrimination, harassment, and retaliation filed against you . . . in the past five (5) years by any prior or current employee, staff member, administrator, manager or supervisor who worked" at the Plant at issue.  (*Id*., at 11.)  In addition to incorporating its objections to Interrogatory No. 24, Defendant produces charges of discrimination filed by two employees, Elizabeth Valdovinos and Kathy Serrano.  (*Id*.)

---

[1]  Defendant also objects that Request No. 6 is not "reasonably calculated to lead to the discovery of admissible evidence."  (Doc. 43-1, at 5.)  Defendant raises the same objection in response to Request Nos. 16 and 22.  (*Id*., at 9, 11.)  The Court notes that this is no longer the standard for discovery in federal courts.  Rather, the standard was revised almost three years ago pursuant to the December 1, 2015, amendments to Fed.R.Civ.P. 26.

Plaintiff states that Defendant refused to produce the documents responsive to Request No. 6 and, in response to Request No. 21, produced only two Charges of Discrimination, one of which was made by a former plaintiff in this case. (Doc. 43, at 4.) Plaintiff argues that

> Defendant has failed and refused to produce their responses to agencies, investigation notes/documents or any other documents. . . . First, as information is that at least four women have complained about sexual harassment and other issues to management, it is impossible to believe that no documents, notes or investigation material were created. Likewise, the police were notified of the sexual harassment and/or extortion attempts and sent an officer to the facility to interview a supervisor. While the sexual harasser was allegedly terminated for a short period, he was rehired under a different name. . . . [Defendant] should not be allowed to hide the documents and information necessary to prosecute this case.

(*Id.*) Plaintiff also argues that the five-year temporal limitation she placed on her requests is reasonable.

Defendant responds that it did respond to Request No. 6, identifying complaints of a "'supervisor requesting money and/or sexual favors . . . in exchange for better positions'" and referring Plaintiff, by Bates number, to responsive documents produced. (Doc. 50, at 8.) As to Request No. 21, Defendant identified complaints of race and/or sex discrimination, harassment, and retaliation from January 1, 2016, at December 31, 2017, and provided responsive documents for that timeframe. (*Id.*, at 8-9.) Defendant continues that "Plaintiff's contention

that at least four women have complained about sexual harassment and other issues to management is again, unfounded. Plaintiff's assertion that the police sent an officer to the facility to interview a supervisor is equally without merit and not supported by the facts of this case."[2] (*Id.*, at 9.) Defendant also argues that complaints from women regarding "other issues" unrelated to the claims at issue this case, was not requested by Plaintiff and is irrelevant regardless. (*Id.*)

The Court overrules Defendant's objections to Requests Nos. 6 and 21. The Requests are not overly broad or unduly burdensome as written. The Requests seek information regarding other employee complaints of demands for money or sexual favors as well as complaints, investigations and civil actions related to race or sex discrimination, harassment or retaliation. This information is clearly relevant to Plaintiff's claims and proportional to the needs of the case.

The Court also overrules Defendant's self-imposed two-year temporal limitation on Plaintiff's requests. The Court finds that Plaintiff's requests for this information over a five-year period to be reasonable. *See e.g.* ***Moss v. BCBS of Kansas, Inc.***, 241 F.R.D. 683, 692 (D. Kan. 2008). Plaintiff's motion is, therefore, **GRANTED**. Defendant is instructed to identify and provide the requested information for complaints of a "'supervisor requesting money and/or sexual

---

[2] The Court notes that Plaintiff did not dispute Defendant's characterization of its responses or the unfounded nature of Plaintiff's allegations.

favors . . . in exchange for better positions'" as well as complaints of race and/or sex discrimination, harassment, and retaliation from January 1, 2013, to the present. The parties are advised that the Court will be setting a scheduling conference to discuss the deadline for production and other issues relating to this Order.

## B.     Request No. 16.

This request seeks "each personnel file, human resource file, or investigative file Defendant maintained on Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz. This request includes files regarding that were created or maintained on Mr. Esparza, Ms. Martinez, Mr. Ramirez, and/or Mr. Saenz by individual managers." (Doc. 43-1, at 9.) Plaintiff has identified these individuals as "the people who supervised, harassed and retaliated against female employees at PSSI." (Doc. 43, at 5.) Defendant objects that the request is "overly broad, unduly burdensome, violates privacy interests," and seeks irrelevant information. (Doc. 43-1, at 9.) Even so, Defendant "agrees to produce documents from Esparza, Martinez, Ramirez, and Saenz's personnel files that reflect disciplinary action taken against them for discriminatory, harassing, and retaliatory conduct [but] state[s] that no such documents exist." (*Id.*)

Plaintiff argues that Defendant's refusal "to produce anything other than what it deems to show disciplinary actions actually taken against these individuals

for discrimination, harassment or retaliation" is improper.  (Doc. 43, at 5.)
Plaintiff argues that limiting the production in this manner would remove
information as to "complaints where discipline was not taken, training they
received or accusations that defendant found did not have merit."  (*Id.*)

Plaintiff also argues she needs the "applications, I-9 verifications and
resumes to confirm citizenship (there are allegations that their statuses are not
legal) and position held in the facility."  (*Id.*)  She contends that "at least one
individual was terminated after an investigation into his citizenship and complaints
of sexual harassment" and "that one individual was reported for having sex in the
facility."  (*Id.*, at 6.)   Plaintiff argues that she needs information as to promotions
and pay raises as this relates to "whether they were being rewarded with rate
increases and bonuses during the time they were harassing and extorting women."
(*Id.*, at 5-6.)

Any information relating to the citizenship or whether the "statuses" of these
individuals are legal is irrelevant to this lawsuit.  Defendant contends that there are
no allegations in this case relating to the statuses of these individuals and
characterizes the request for this information as "nothing more than an
unwarranted fishing expedition."  (Doc. 50, at 10.)  The Court agrees.  This
information need not be produced.

Other information contained in these individuals' personnel files is discoverable.  *Fox-Martin v. H.J. Heinz Operations*, No. 02-4121-JAR, 2003 WL 23139105, at 1 (D. Kan. Dec. 19, 2003) (holding that the personnel files of individuals who "played important roles in the employment decisions affecting plaintiff or allegedly participated in or witnessed the hostile work environment and/or retaliation giving rise to this lawsuit" is facially relevant and discoverable). The information should, however, be deemed "confidential" pursuant to the Protective Order entered in this case.  (Doc. 12.)  Plaintiff's motion is **GRANTED in part** as to Request No. 16.  The parties are advised that the Court will be setting a scheduling conference to discuss the deadline for production and other issues relating to this Order.

### C.    Request No. 22.

Plaintiff also seeks a list, employee directory, or roster of PSSI employees who worked at Liberal facility for years 2015, 2016, and 2017.  (Doc. 43-1, at 11.) Defendant objects that the request is overly broad, unduly burdensome, violates privacy interests, and seeks irrelevant information.  (*Id.*)  Defendant continues that Plaintiff only worked for PSSI for six weeks in 2016, thus "[i]nformation related to employees who worked at PSSI before or after Plaintiff would not tend to prove or disprove any issue in this case and would also violate that employee's privacy

interest." (*Id.*)  Defendant agrees, however, to "produce a list of the names of the employees who worked at PSSI during the time Plaintiff worked at PSSI."  (*Id.*)

Plaintiff contends this information is necessary to locate additional witnesses and attempt to prove that prove that an alleged sexual harasser was rehired under a different name after allegedly being terminated for sexual harassment.  (Doc. 43, at 4, 7.)  Defendant responds that "there is absolutely no allegation contained in Plaintiff's Amended Complaint that raises even the slightest inference that PSSI's alleged practice of hiring undocumented workers, or workers with 'false names' is related to Plaintiff's claims of discrimination, harassment and retaliation."  (Doc. 50, at 13.)

As to Plaintiff's allegation that this information would "allow her to 'locate additional witnesses and prove allegations in her Complaint,'" Defendant argues that "she fails to articulate how the identification of employees who did not even work with Plaintiff will have discoverable information related to Plaintiff's employment."  (*Id.*)  The Court agrees with Defendant as to both points.  As such, Defendant's offer to produce a list of employees who worked at the Plant during Plaintiff's employment is a sufficient response.  Plaintiff's motion is otherwise **DENIED** as to Request No. 22.

## III.    Defendant's Motion for Protective Order (Doc. 54).

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>     * * *
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>     * * *
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1). Whether to issue a protective order is within the sound discretion of the Court. *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir.1995); *Terry v. Unified Gov't of Wyandotte Co.*, No. 09-2094-EFM-KGG, 2011 WL 795816 (D. Kan. March 1, 2011).

## A. Plaintiff's Entitlement to Additional Documents.

As an initial matter, Defendant argues that Plaintiff is not entitled to the documents listed in the deposition notice because the notice is "is improper

in that Plaintiff served the Notice less than 30 days before the original July 20, 2018[,] discovery deadline.  Rule 34 and this District require that all discovery must be commenced and served in time to be completed by the discovery deadline."  (Doc. 54, at 5.)  Defendant contends that the deposition notice is "merely an attempt by Plaintiff to avoid the timing deadlines imposed by this Court" and the Federal Rules.  (*Id.*)

Because the Court had previously granted Plaintiff's motion to revise the Scheduling Order, which extended the discovery deadline to November 16, 2018 (*see* Doc. 52), the Court finds Defendant's procedural argument to be misplaced. The Court will, however, analyze Defendant's substantive arguments regarding the topics listed in the deposition notice (Doc. 39).

### B.     Particularity of Document Requests.

Defendant also contends that Plaintiff has failed to "describe with reasonable particularity" the documents requested because the notice "vaguely requests all documents that reflect the testimony provided, and which form the basis of the deponent's knowledge."  (Doc. 54, at 5.)  Defendant argues that the "blanket request for documents is both vague and overly broad, and it is not consistent with the requirements of the Federal Rules of Civil Procedure."  (*Id.*)  Defendant continues that because no testimony has yet been provided in conjunction with the notice, it "cannot and should not have to predict what questions will be posed

during the deposition or what testimony will be elicited." (*Id.*) As such,

Defendant argues that it cannot "accurately identify what documents it is being

instructed to bring to the deposition." (*Id.*)

The Court does not agree that the categories of documents requested are

facially vague in general. To the extent certain topics are worded in an overly

broad or vague way, the Court will address such issues in the context of the

specific topics, discussed *infra.*

While it is true that testimony has yet to be solicited on these topics, the

same is true for any deposition notice. The topics themselves have been

enumerated with sufficient detail by Plaintiff. Defendant need not predict

Plaintiff's specific questions to be able to determine if relevant documents exist

that relate to these categories of expected testimony. The Court will, therefore,

address the specific topics listed.

### C.  Specific Topics Listed in Deposition Notice.

#### 1.  Defendant's "organization and structure" at the Plant, including human resources and payroll. (Topics 1 and 2).

Plaintiff seeks these documents from February 1, 2016, to the present. (Doc.

39, at 2.) Defendant contends the topics are vague, overly broad, lack specificity,

and are not proportionate to the needs of the case. (Doc. 54, at 6.) Defendant

contends that the temporal limits of these categories is overly broad considering

Plaintiff worked for Defendant for less than 2 months in February and March 2016.

The Court agrees and sustains this objection. Any documents and testimony shall be limited to the time during which Plaintiff was employed by Defendant.

Defendant also argues that "[t]hese topics fail to provide any specificity as to what Plaintiff is seeking, including the amount of factual detail about which a PSSI corporate designee is expected to testify. It is unduly burdensome (and near impossible) for PSSI to prepare a witness on such a broad and overreaching subject matter." (Doc. 54, at 6.) Defendant describes the categories as "nothing more than a fishing expedition to harass and burden PSSI." (*Id*.) Plaintiff explains that

> PSSI placed Plaintiff at National Beef but still supervised her day-to-day activities. Plaintiff seeks information on how PSSI manages and pays PSSI workers placed at National Beef. This information is relevant and proportional to her wage and hour claim and to how PSSI responded to Plaintiff's complaint of discrimination and extortion.

(Doc. 62, at 5.) The Court finds Plaintiff's explanation to be sufficient, overrules Defendant's objection, and **DENIES** the motion as to Topics 1 and 2.

### 2. The employment of certain individuals, including their personnel files and disciplinary action (Topics 5-12, 17).

Topics 5-12 seek personnel files of 8 employees, several of whom were the subject of Plaintiff's motion to compel, *supra* (discussing Request for Production No. 16). Topic 17 seeks disciplinary information regarding several of these individuals. Defendant contends that it is inappropriate to require it "'to identify a person to testify about eight current and/or former employees' "disciplinary

record/wage increases/decreases; [] suspension, discharge and/or termination' without any limitation as to time . . . ."  (Doc. 54, at 8.)  Further, Defendant argues it would be impossible to prepare a single witness to testify about all of the listed topics "as these are all very fact-based decisions that are not susceptible to the knowledge of a particular witness – even with proper preparation."  (*Id*.)  Defendant continues that any information beyond the six-week tenure of Plaintiff's employment is not discoverable.  (*Id*., at 9.)

The Court incorporates its decision, *supra*, regarding the motion to compel the personnel files of several of these individuals.  As stated above, information regarding the citizenship status of these individuals is wholly irrelevant to Plaintiff's claims.  This information is not discoverable.  Plaintiff argues that Defendant was aware that many workers at the Plant were undocumented and that she was alleged by her coworkers to have harassed employees for being undocumented.  (Doc. 62, at 6-7.)  Plaintiff does not, however, adequately explain how the citizenship status of these particular individuals (including her alleged harasser, a manager she complained to, co-workers who harassed her, and a supervisor) is relevant to her claims of harassment and retaliation.  Defendant's objection is sustained.

As stated in regard to Request for Production No. 16, *supra*, other information contained in these individuals' personnel files is discoverable.  That

stated, the information should be deemed "confidential" pursuant to the Protective Order entered in this case. (Doc. 12.) Defendant's motion is **GRANTED in part**.

### 3. Topics 13, 16, and 18.

Topic 13 seeks "[i]dentification of and contents of any other files maintained on Plaintiff related to the Investigation of Plaintiff's complaints of sexual harassment, national origin discrimination, retaliation, and wage and hour violations." (Doc. 39, at 5.) Topic 16 asks for the "[i]dentification and discussion of all human resources and/or investigation training provided to each person that conducted any investigation into the allegations raised by any of the current or former plaintiffs in this case." (*Id*., at 6.) Topic 18 seeks "communications between any of the current or former Plaintiff[s] and any member of management and/or human resources concerning any complaint of Plaintiff with respect to the terms and conditions of her employment, including dates, means and contents of such communications." (*Id.*)

Defendant argues that these topics "fail the specificity requirement" of the Federal Rules "in that they request sweeping categories of information and documents without a semblance of specificity as required under Rule 30(b)(6)." (Doc. 54, at 10.) The Court does not agree and overrules this objection. The verbiage of the requests is sufficiently specific and straightforward – Plaintiff seeks any files related to the investigation of Plaintiff's complaints at issue, information

regarding the human resources training received by the individuals who investigated Plaintiff's complaints, and communications between any named Plaintiff and members of management or human resources regarding the terms and conditions of their employment.

Defendant complains that the lack of temporal scope makes the topics facially improper as Plaintiff only worked for Defendant for six weeks. (*Id*.) The Court agrees that Topic 16 (regarding human resources training provided to those conducting investigations into Plaintiff's complaints) must be limited to a particular time frame. The Court finds that the relevant time frame for Topic 16 is January 1, 2013, through the present. Topics 13 and 18 relate to Plaintiff specifically. As such, any temporal limitation regarding this information is unnecessary and inappropriate.

Defendant also argues that Topics 13 and 18 are duplicative of prior discovery requests from Plaintiff (Interrogatories Nos. 10 and 16, and Requests for Production Nos. 2 and 9). This argument is unpersuasive.

> Parties may choose the manner and method in which they conduct discovery. The Federal Rules provide several vehicles for discovery. Parties may choose their preferred methodology. Courts generally will not interfere in such choices.

***White v. Union Pac. R. Co.***, No. 09–1407–EFM–KGG, 2011 WL 721550, at *2 (D.Kan. Feb. 22, 2011) (citation omitted). Similarly, parties are also free to

request the same information by more than one discovery method. For instance, it is entirely common for a party to ask a question in a deposition that has already been posed via interrogatory. As for documents that are responsive to the deposition notice, to the extent such documents have already been produced through initial disclosures or in response to discovery requests, this should further limit the burden on Defendant, not exacerbate it. The Court overrules this objection.

As to Topic 16, Defendant argues that human resources training received by the individuals who investigated the allegations raised by "any of the current or former plaintiffs in this case" is improper. (Doc. 54, at 11.) The Court agrees that the investigation of claims made by former Plaintiff Kathy Serrano, who has been dismissed with prejudice, is entirely irrelevant and not discoverable. The Court sustains this objection.

Defendant continues that "a last minute request for what amounts to the educational and training background of people who investigated Plaintiff's alleged complaints when all of those people were identified in PSSI's Initial Disclosures months earlier should not be allowed." (*Id.*) The Court does not agree. This information is relevant and proportional to the needs of the case. Further, because the discovery deadline was extended, Plaintiff's request was no longer "last minute." Defendant's motion is **GRANTED in part** and **DENIED in part** as to

these topics.  Defendant is instructed to comply with the deposition notice accordingly.

### 4.  Discrimination and harassment policies (Topics 21 and 24).

Topic 21 seeks information regarding Defendant's policies on "anti-discrimination, harassment and/or retaliation" including policies regarding "investigation and/or corrective action" as to such claims.  (Doc. 39, at 7.)  Topic 24 asks for Defendant's policies governing the reporting of discrimination, harassment, and/or retaliation from January 1, 2016, to the present.  (*Id*., at 8.)

Defendant first complains that Topic 21 has no temporal limitation.  (Doc. 54, at 11.)  The Court agrees that this is improper.  Topic 21 is limited to January 1, 2016, to the present.

Defendant next complains that Plaintiff's use of the language "any and all" documents "related to, regarding, or containing" constitutes improper omnibus term(s).  This Court has previously specifically held that "[w]hile these terms may be considered omnibus terms, these terms are not *per se* inappropriate."  **Blair v. TransAm Trucking, Inc.**, No. 09-2443-EFM-KGG, 2017 WL 402163, at *4 (D. Kan. Jan. 30, 2017).

> Courts in this District have held that a discovery request
> may be facially overly broad if it uses an 'omnibus term'
> such as 'relating to,' 'pertaining to,' or 'concerning.'
> **Johnson v. Kraft Foods North America, Inc.**, 238
> F.R.D. 648, 658 (D. Kan. 2006) (citing **Cardenas v.
> Dorel Juvenile Group, Inc.**, 232 F.R.D. 377, 382 (D.

Kan. 2005) (internal citations omitted)). 'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.' *Id.* *See also **Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 667 (D. Kan. 2004); ***Aikens v. Deluxe Fin. Servs., Inc.***, 217 F.R.D. 533, 538 (D. Kan. 2003).

Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' *Id.* 'When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.' *Id.*

***Waters v. Union Pacific Railroad Co.***, No. 15-1287-EFM-KGG, 2016 WL 4479127, at *2 (D. Kan. August 25, 2016) (citing ***Union Pacific R. Co. v. Grede Foundries, Inc.***, No. 07-1279-MLB-DWB, 2008 WL 4148591, at *4 (D. Kan. Sept. 3, 2008)). The Court finds that here, as in ***Waters*** and ***Blair***, the omnibus terms used in Plaintiff's Topics 21 and 24 sufficiently modify specifically identified categories of information. As such, Defendant's motion is **DENIED** as to Topics 21 and 24.

### 5. Factual details about investigations, charges, and lawsuits (Topics 22, 23, and 25).

Topic 22 seeks specific information regarding "each and every investigation resulting from any complaint by an employee of discrimination, harassment or

retaliation made from January 1, 2016 to present" at the Plaint. (Doc. 39, at 7.)
Topic 23 ask for specific information regarding "each and every investigation resulting from any Charge of Discrimination made by any former or current employee of Packers concerning sexual harassment; national origin discrimination or retaliation made from January 1, 2016 to the present." (*Id*.) Topic 25 requests specific information as to "every complaint, charge and/or lawsuit brought against Defendant" alleging retaliation for complaining about or participating/giving testimony "in other proceedings against Defendant for harassment or discrimination or retaliation, in the last five years." (*Id*., at 8.)

Defendant objects to Plaintiff's temporal limitations of January 1, 2016, through the present (Topics 22, 23) and the past five years (Topic 25) because Plaintiff only worked for Defendant for 6 weeks in 2016. (Doc. 54, at 12-13.) The Court finds Plaintiff's temporal restrictions not to be out of the ordinary in this type of litigation. This objection is overruled.

Defendant argues that these topics are overly broad as they seek information as to all complaints of discrimination, harassment, or retaliation "without regard to the type" of discrimination alleged. (Doc. 54, at 12.) The Court agrees. This topic should be limited to claims of race discrimination, national origin discrimination, sex discrimination, sexual harassment, and retaliation. Further, Topics 22, 23 and 25 are to be limited to claims that are alleged to have occurred at the Plant at issue.

Defendant's motion is **GRANTED in part** and **DENIED in part** as to these topics. Defendant is instructed to comply with the deposition notice accordingly.

### 6. Non-exempt "Fisher" employees (Topic 26).

This topic asks for the identification of "all non-exempt Fisher employees, whether full-time, part-time, temporary or as an independent contractor in 2016, 2017 and 2018. Include dates they were employed or assigned to perform work." (Doc. 39, at 9.) Defendant states that "it is entirely unclear who 'Fisher' is, or why the information related to 'Fisher' employees could possibly be relevant to Plaintiff's claims." (Doc. 54, at 13.) Defendant continues that "[t]o the extent Topic No. 26 was intended to seek information related to PSSI employees, this topic is overly broad, unduly burdensome, and in no way proportional to the claims or defenses" in this lawsuit. (*Id*., at 13-14.) Plaintiff's response to Defendant's motion does not indicate or clarify who or what "Fisher" employees are. (*See* Doc. 62, at 8-9). As such, Defendant's motion is **GRANTED** as to Topic 26.

As stated above, the parties are advised that the Court will be setting a scheduling conference relating to this Order. The deadline to conduct this deposition will be addressed at that conference.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 42) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (Doc. 54) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

IT IS SO ORDERED.

Dated this 13th day of November, 2018, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE